### HENRICO DOCTORS' HOSPITAL AND DIAGNOSTIC CLINIC, INC.

### V.

### DOYLE & RUSSELL, INC.

January 16, 1981.

Record No. 781821.

Present: All the Justices.

*William H. King, Jr.* (*Elizabeth M. Allen; McGuire, Woods & Battle,* on briefs), for appellant.

*Lewis T. Booker* (*Gregory N. Stillman; Hunton & Williams,* on brief), for appellee.

PER CURIAM.

In this appeal, we must resolve whether a general contractor's delay in providing releases and waivers of liens from subcontractors precludes the contractor's claim for retainage interest accruing prior to the date of the submission of those releases and waivers.

The litigants in this case entered into a stipulation of facts which, together with the exhibits, provides the evidentiary basis for this appeal. On June 8, 1972, Doyle & Russell, Inc., (hereinafter, Doyle & Russell) entered into a contract with Henrico Doctors' Hospital and Diagnostic Clinic, Inc., (hereinafter, Henrico Hospital) for the construction of a general hospital in Henrico County. Paragraph 12 of the contract provided that, before making final payment, Henrico Hospital had the right to require from Doyle & Russell releases of all liens for labor and materials furnished under the agreement.[1] Paragraph 1 of the contract incorporated by reference the architect's plans and specifications, including the American Institute of Architects (AIA) General Conditions of the Contract for Construction. Article 9.7.3 of the AIA General Conditions provided that final payment became due only after the contractor submitted to the architect data concerning releases and waivers of liens "to the extent and in such form as may be designated by the Owner."[2]

---

[1] The pertinent language of Paragraph 12 provided that: "Before making any final payment hereunder, the Owner or the Owner's Representative shall have the right to require from the Contractor full and complete releases of all liens for all labor, materials, and services furnished and all work done under this Agreement and absolute releases from claims of any kind that might result from the performance of this Agreement."

[2] Article 9.7.3, as amended by the parties, provided: "Neither the final payment nor the remaining retained percentage shall become due until the Contractor submits

On June 24, 1974, Henrico Hospital occupied and put to use the hospital building constructed by Doyle & Russell. Thereafter, Doyle & Russell made demand upon Henrico Hospital for the payment of the contract retainage ($527,802.93). Unknown to Henrico Hospital at the time it occupied the building on June 24, the sterilizer system was defective. As a result, Henrico Hospital curtailed its surgical procedures until July 1974 and refused to pay Doyle & Russell the retainage.

In early November 1974, Doyle & Russell filed this action seeking recovery of the retainage. Henrico Hospital filed a counterclaim in the amount of $279,451.59 for damages arising out of the failure of the sterilizer system. In April 1976, the trial court granted Doyle & Russell's motion for summary judgment on the portion of the retainage in excess of Henrico Hospital's counterclaim, but reserved judgment on the issue of interest on the contract retainage. In October 1976, the parties agreed to settle the litigation. The settlement agreement, dated April 5, 1978, resolved all issues except the question of interest on the contract retainage. As a part of this agreement, Doyle & Russell paid Henrico Hospital $75,000 in full settlement of its counterclaim. In addition, Henrico Hospital agreed to establish an interest-bearing escrow account consisting of $79,269.53, $67,269.53 of which was for interest allegedly owed on the total retainage and $12,000 of which was for costs associated with construction defects. The funds were deposited into the escrow account on December 15, 1976. On February 11, 1977, Doyle & Russell submitted to Henrico Hospital the final releases and waivers from six subcontractors and material suppliers on the project in compliance with paragraph 12 of the contract.

On September 26, 1978, the trial court held that Doyle & Russell was entitled to all interest on the retainage from June 24, 1974, until December 15, 1976, except for $1,128.53, which represented the interest on the amount of a mechanic's lien filed but never enforced. The trial court also held that Doyle & Russell was entitled to all interest which had accumulated on the amount held in escrow from December 15, 1976, until the date of its withdrawal.

On appeal, Henrico Hospital contends that Doyle & Russell is not entitled to retainage interest accruing before February 11, 1977, the date on which Doyle & Russell delivered the releases of subcontractors

to the Architect. . . (3) other data establishing payment or satisfaction of all such obligations, such as receipts, releases and waivers of liens arising out of the Contract, to the extent and in such form as may be designated by the Owner. . . ."

and material suppliers, because the contract required Doyle & Russell to provide the releases. Doyle & Russell, on the other hand, contends that it was not contractually bound to supply the releases in the absence of Henrico Hospital's request for the releases and that the stipulation of facts is barren of any indication the releases were requested. Doyle & Russell further argues that even if the releases were requested, it is entitled to the retainage interest because of our decision in *Roanoke Hospital* v. *Doyle and Russell,* 215 Va. 796, 214 S.E.2d 155 (1975), a case which Henrico Hospital contends is factually distinguishable from this appeal.

We agree with Doyle & Russell's contention that *Roanoke Hospital* is controlling here. In *Roanoke Hospital,* the Roanoke Hospital Association, because of the contractor's delay in completing the building, withheld the contract retainage even after construction had been completed and the building had been occupied and put to use for three years. Justifying its actions, Roanoke Hospital argued that the contractor had failed to provide releases and waivers of claims, as required by Clause 28(E)[3] of the contract. We held that the contractor's failure to provide releases, contrary to the terms of the contract, did not require reversal of the trial court's award to the contracor of the contract retainage and interest accruing thereon.[4]

The similarities between this case and *Roanoke Hospital* are obvious. In both cases, the time for filing mechanic's liens and for bringing actions on any unsecured claims had elapsed when the lower court rendered its decision. Likewise, in both cases, the contractor failed to provide releases upon completion of the construction project.[5] In both cases, the hospital "enjoyed the usufruct of the retainage fund" while

---

[3] Clause 28(E) of the contract provided: "Neither the final payment nor any part of the retained percentage shall become due until the contractor shall deliver to the owner through the architects a complete release of all claims against the owner arising under and by virtue of this contract, including claims of all subcontractors and suppliers of either materials or labor, other than such claims, if any, as may be specifically excepted by the contractor."

[4] We disposed of the issue with the following language: "We find no prejudicial error in the judgment awarding the contract retainage, with interest from the date of actual completion, to the contractor. It is true that the contractor did not deliver the release of claims required under clause 28(E) of the contract. However, the time for filing mechanic's liens had expired, *see* Code § 43-1 *et seq.* (Repl. Vol. 1970); there is nothing in the record concerning an unsatisfied lien or unsecured claim against the owner; and the performance surety, a party litigant, did not file a counterclaim or a cross-claim. The owner has enjoyed the usufruct of the retainage fund from the date the contractor discharged its contract duties, and any error in awarding the retainage before a formal release was delivered is harmless error." 215 Va. at 804, 214 S.E.2d at 162.

occupying and using the hospital building constructed by the contractor.

The sole significant distinction between this case and *Roanoke Hospital* concerns the presence of a mechanic's lien. Whereas no mechanic's liens were filed in *Roanoke Hospital,* such was not the case here. On November 14, 1974, William H. White, Jr., Inc., a subcontractor in the construction of the Henrico Hospital building, filed a mechanic's lien, which was never enforced and expired on May 15, 1975. In computing the interest due the contractor, the trial court deducted the interest accruing from the amount of money at issue in the mechanic's lien during the period from its filing until its expiration. Nothing in the stipulation of facts and the record suggests that other claims were being made against the Henrico Hospital. The trial court's deduction of interest on the amount of the mechanic's lien removes the only potentially meaningful distinction between this case and *Roanoke Hospital.*

For the reasons stated, the judgment of the trial court is

*Affirmed.*

---

[5] The contract in *Roanoke Hospital* made the contractor's obligation to provide these releases unconditional. Here, the contractor was obliged to provide the releases only if requested to do so by Henrico Hospital.